NO. 07-10-0425-CR
NO. 07-10-0426-CR
NO. 07-10-0427-CR
NO. 07-10-0428-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 4, 2011
_____

PRESTON JAMES BYERLY,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY;

NOS. 1158634D; 1159402D; 1158631D; 1160317D;

HON. RUBEN GONZALEZ, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Preston James Byerly (appellant) appeals his multiple convictions and judgments for aggravated robbery with a deadly weapon. Upon pleading guilty to the four indictments, and after presenting punishment evidence, appellant was sentenced to forty years in prison for each offense. Before us is appointed counsel's motion to

withdraw, together with an *Anders*[1] brief, wherein he certified that, after diligently searching the record, he concluded that the appeal was without merit.  Along with his brief, appellate counsel filed a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to file a response *pro se.*  By letter dated March 11, 2011, this court also notified appellant of his right to tender his own response and set April 11, 2011, as the deadline to do so.  To date, no response has been filed.

In compliance with the principles enunciated in *Anders,* appellate counsel discussed six potential areas for appeal.  They included 1) the adequacy of the indictments, 2) the trial court's jurisdiction, 3) whether the open plea of guilty was valid, 4) trial court error in denying appellant's motion for new trial, 5) possible punishment error including a discussion on cruel and unusual punishment and 6) disproportionate sentencing.  However, counsel then proceeded to explain why none of the issues required reversal on appeal.

In addition, we conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any reversible error pursuant to *Stafford v. State,* 813 S.W.2d 508 (Tex. Crim. App. 1991).  After doing so, we concur with those conclusions.

Accordingly, the motion to withdraw is granted, and the judgments are affirmed.


Brian Quinn
Chief Justice

Do not publish.

---

[1]*See Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).